*1114 OPINION.
Van Fossan:
Petitioner claims a discovery value for a gravel deposit under favor of section 234(a) (9) of the Revenue Act of 1918, which provides for a reasonable allowance for depletion, and—
That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within 30 days thereafter; * * *
After careful consideration of the record in this case we are unable to find evidence sufficient to enable us to determine the fair market *1115 value of the gravel deposit or that the same was materially disproportionate to its cost. There is no record of comparable sales at or about the same time or under similar circumstances, nor is the testimony as to royalty rates of any value in the absence of testimony of their relation to the value of the fee. The fair market value of a gravel deposit depends so largely upon the peculiar factors obtaining in each particular case that the value of another deposit more than a hundred miles distant, located immediately adjacent to, or within, a large city where the land has great value for factory sites, facts in no wise comparable to petitioner’s situation, is of little or no evidentiary weight in the instant case. Petitioner has given us no criterion or measure by which we may judge the fair value of the land in question.
Furthermore, the record is silent as to the area of gravel-bearing' land involved or the quantity of the gravel known to exist on the date ■ of discovery or within 30 days thereafter. It is also silent as to the cost of exploration, development, and exploitation of the alleged discovery.
With all of these data lacking it is impossible to determine the fair market value of petitioner’s land or whether such value is in excess of its cost plus development expense. It should be pointed out further that, were the value of the land ascertainable from the record, petitioner has failed to prove any basis for the computation of depletion.
In view of the above decision it is unnecessary to consider whether the gravel deposit was actually discovered by petitioner, as required by the statute, or whether, as a matter of law, a discovery value may ever be allowed on a gravel deposit.

Judgment will be entered for the respondent.

Considered by Makqtjette, Phillips, and Milliken.